## GANTZ v. NATIONAL CASUALTY CO.
### No. 243.

District Court, E. D. New York.
Aug. 22, 1939.

Otho S. Bowling, of New York City, for the motion.

Max Tirschwell, of New York City, opposed.

CAMPBELL, District Judge.

This is a motion for judgment on the pleadings consisting of the amended complaint and answer.

The answer asserts the defense that the Court does not have jurisdiction of the subject matter.

Rule 12 (b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, reads as follows:

"(b) *How Presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim,

42

crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

Defendant has pleaded the defense in question, and now seeks to avail itself of the remedy by motion.

This, it seems to me, it can not do, because the rule provides that, at the option of the pleader, the defense pleaded might have been raised by motion. This, it did not do.

The rule further provides that the motion making such defense shall be made before pleading, if a further pleading is permitted.

The motion for judgment on the pleading is denied, without prejudice, to a motion to dismiss the case on the opening of the trial.